# CASES

DECIDED IN THE

## COURT OF CHANCERY OF NEW-JERSEY,

OCTOBER TERM, 1830.

---

### ZULE v. ZULE.

**Where,** upon a bill filed by the wife, for a divorce, *a mensa et thoro*, on the grounds of cruelty and desertion, it appears from the evidence, that the defendant had a former wife, living in Scotland, at the time of the marriage with complainant, a case is presented entirely different from that made by the bill, and no decree can be made. The bill dismissed, but without costs.

**In** such case, the second marriage is invalid from the beginning, and absolutely void; the first contract still existed; it was not affected by the fact, that the husband and wife resided in different quarters of the globe; *nothing save death*, or the judicial sentence of some competent tribunal, can dissolve the marriage relation.

**A** divorce, *a mensa et thoro*, presupposes an existing valid marriage between the parties. It is founded on some fact, subsequent to the marriage, and does not dissolve the relation. It consists with a subsequent reconciliation of the parties, as well as subsequent cohabitation on proper terms.

**A** decree for a divorce, on the ground of a prior marriage, is different from decrees of divorce, *a vinculo matrimonii*, for other causes. It proceeds on different principles, and is more disastrous in its consequences. It considers the marriage null and void; the connexion between the parties meretricious, and not connubial; and the children illegitimate, and subject to all the legal disabilities of illegitimate issue.

*Semble*, that in such case, the complainant would be entitled to the property she possessed before the supposed marriage, if it remained unexpended, or undisposed of.

ELIZABETH Zule, filed her bill of complaint, against William Zule; in which she states, that they were lawfully married in New-York, in 1807; that the defendant treated her with ex-

treme cruelty ; sold their property and furniture, and deserted her, and has obstinately continued to desert her, for nine years, and married one Catharine Gulick, with whom he has since lived ; in consequence of which, he was indicted for polygamy, &c. ; and prays for a divorce from bed and board, and for alimony.

The defendant, in his answer, admits his marriage with the complainant, but alleges that, at the time, he had a wife living in Scotland, and the marriage with complainant was void : he denies that he treated her with cruelty, and says that the complainant voluntarily left his house, and he had solicited her to return ; that, after the death of his first wife, he was lawfully married to Catharine Gulick.

Witnesses were examined, and the cause heard upon the bill, answer, and proofs.

*W. Halsted*, for the complainant.

The marriage with the complainant is admitted. There are two grounds of divorce charged in the bill. 1. The marriage with Catharine Gulick, which is admitted. 2. Cruelty and desertion, which are evasively denied, but sufficiently proved. The answer of the defendant discloses another ground. He says, that the marriage with the complainant is void, as he had a wife living in Scotland at the time. This is not a defence, but a gross aggravation of the case : it exhibits a degree of turpitude in the defendant, of which the complainant was not before apprized, and is, of itself, sufficient to justify a divorce, on the ground of pre-contract. *Rev. L.* 667, *Sec.* 3 ; 2 *Kent's C.* 81 ; 2 *Phillim. R.* 16. It is unconscionable, that the defendant should have had the complainant's property, and not be liable for her support. She is entitled to alimony.

*P. I. Clark*, for the defendant.

We appear not as the apologists of the defendant, but to place him on his legal rights. The marriage of the defendant in Scotland, and that his wife was living there at the time of

13

his marriage with the complainant in New-York, is sufficiently proved. It follows, there was no lawful marriage with the complainant. She is not the wife of the defendant, and has no right to come into court in that capacity. The complainant's bill cannot be sustained : without a lawful marriage there can be no divorce, and without a divorce no alimony. 2 *Phil. R.* 18, 19.

*G. D. Wall,* on the same side.

The governing principle in cases of divorce, is, that the allegations or admissions of the parties, are not to be taken, under oath, or without oath. 2 *Phil. R.* 164. There is no proof of cruelty, and the charge of desertion is sufficiently answered. The complainant insists on a valid marriage between the defendant and herself : on this, her case entirely depends. In answer to this, it is competent for us to set up the fact of a prior marriage in Scotland. 2 *Phil. R.* 321. Without a legal marriage there can be no alimony, even if the court should decree a divorce.

*Halsted,* in reply.

The desertion is sufficiently proved, and the facts constituting the cruelty, are admitted by the answer, which we insist is good evidence. The second marriage, although invalid, may be the subject of divorce. " Pre-contract," under our statute, is a ground of divorce " from the bond of matrimony." The court, therefore, have power to divorce, and upon that may give alimony.

THE CHANCELLOR. This case presents a singular state of things. The complainant alleges, that she was lawfully married to the defendant, in the year 1807 ; and lived, and cohabited with him, a number of years, as his lawful wife ; that he afterwards treated her cruelly, spent all her property, and deserted her, and then married another wife, one Catharine Gulick, on account of which he was indicted for polygamy. She prays a decree of divorce from bed and board, together with an order for alimony and maintenance.

The defendant admits the marriage to the complainant, in 1807, but sets up that he was partially intoxicated, and did not know what he was about. That in the year 1796, he was lawfully married in Scotland, to one Christiana Shearer, by whom he had children, and who was still living in 1807, at the time of his marriage with the complainant; and therefore that the marriage with the complainant was wholly void. He denies the charges of cruelty and desertion, and admits the subsequent marriage with Catharine Gulick, and the indictment for polygamy.

The fact of the marriage in Scotland is fully supported; and I think it is sufficiently proved by the testimony, that the first wife was living at the time of the marriage with the complainant. If so, that marriage was, in the language of our statutes, invalid from the beginning, and absolutely void. The first contract still existed. It was not affected by the fact, that the husband and wife were resident in different quarters of the globe. The great principle on this subject, as recognised in all christian nations, is, that nothing save death, or the judicial sentence of some competent tribunal, can dissolve the marriage relation. 1 *Blac. Com.* 440.

It is evident, the complainant's bill is not framed to meet such a case. She comes into court praying for a separation or divorce, *a mensa et thoro*. This always presupposes a pre-existing valid marriage: it is founded on some cause subsequent to the marriage, and does not dissolve the relation. It consists with a subsequent reconciliation of the parties, as well as a subsequent cohabitation upon proper terms. All this is totally inconsistent with the case before the court; and a decree of divorce, *a mensa et thoro*, would be as repugnant to the situation and rights of the parties, as it would be to the law of the land, and the feelings of the court. But such is the relief sought by the bill; while the only relief that consists with the case made, is a divorce, *a vinculo matrimonii*, on the ground of the prior marriage. Where there is a decree of divorce on this ground, it is different from other decrees of divorce, *a vinculo matrimonii*, growing out of other causes. It rests on different principles, and is more disastrous in its results. It considers the marriage null and void, and the connection be-

Oct. 1830.

Zule
v.
Zule.

tween the parties meretricious, and not connubial : the children are deemed illegitimate, and subject to all the legal disabilities of illegitimate issue. Such decree cannot be made in this case as now presented.

Whether, if a proper case were made, and such decree rendered, the complainant would be entitled to alimony, it is not necessary now to consider. The rule in regard to property, seems to be, that the wife would be entitled to receive what she possessed before the supposed marriage, if it remained unexpended or undisposed of.

The bill must be dismissed, but without costs.