MARY J. ROBINSON, respondent,

*v.*

SAMUEL D. ROBINSON, appellant.

[Submitted December 1st, 1914. Decided March 1st, 1915.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *83 N. J. Eq. 150.*

*Mr. John F. X. Ries* and *Mr. Ulysses G. Styron,* for the appellant.

*Mr. Eli H. Chandler,* for the respondent.

PER CURIAM.

This appeal is from a final decree in a suit for divorce *a mensa et thoro* brought by the wife against her husband on an allegation of adultery. The adultery was clearly proved. The defence principally relied on in the court of chancery was that the parties to the suit were not, and never had been, husband and wife. That there had been a ceremonial marriage between the parties was not denied by the defendant, but he insisted that when it took place the petitioner was a married woman. This the petitioner admitted; but she proved to the satisfaction of the vice-chancellor that at the time of her marriage to the defendant a divorce proceeding instituted by her against her first husband had been pending for more than a year; that the funds required by her for prosecuting that suit had been supplied by the defendant; and that before her marriage with him she had been advised by her solicitor in the action against her first husband that a decree for divorce had been granted. It further appeared in the proofs that at the time of their marriage both the petitioner

and the defendant believed that she had been divorced from her first husband, and that there was no legal obstacle to their marriage. It further appeared that the decree divorcing the petitioner from her first husband was entered only a few days subsequent to her marriage with the defendant, and that there- after they continued to live together as husband and wife for a number of years. Although some of these facts were contro- verted by the defendant, the vice-chancellor found all of them in favor of the petitioner. That finding, in our opinion, was justi- fied by the testimony submitted. That being so, the case comes directly within the ruling of *Chamberlain* v. *Chamberlain, 68 N. J. Eq. 736*, in which this court held that "when a man and a woman intend to marry and live together as husband and wife, but their intent is frustrated by the existence of some unknown impediment, when the impediment is removed, and it is shown that the same intent continues, their relations are lawful."

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS—15.

*For reversal*—None.