MARY AGNES DOLAN, appellant,

*v.*

JAMES H. WAGNER, respondent.

[Decided May 19th, 1924.]

1. Where a man and woman enter into a marriage contract in good faith, each believing that there is no lawful impediment to their marriage, although there is such an impediment in fact, and thereafter live together as husband and wife, believing themselves to be such, and, after the impediment has been removed, continue to live together under the same belief, their relations are lawful and a common law marriage exists.

2. *Robinson* v. *Robinson, 84 N. J. Eq. 201,* followed; *Tyll* v. *Keller, 94 N. J. Eq. 426,* distinguished.

On appeal from a decree in chancery.

*Mr. Robert Newton Crane,* for the appellant.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from a decree of the court of chancery dismissing a petition filed by Mary Agnes Dolan, praying to have annulled and declared void a marriage between her and James H. Wagner, the defendant below, the ground upon which the relief prayed for is sought being that at the time of this marriage she had another husband living, from whom she had not then been divorced. The case was undefended, and, a reference having been made to a special master, he reported that the attempted marriage between the petitioner and the defendant was a nullity and should be so declared. Upon the coming in of this report, it was confirmed by the court. Subsequently, however, the case of *Tyll* v. *Keller, 94 N. J. Eq. 426,* having been decided by this

court, the court of chancery, concluding that this decision was controlling so far as the present case was concerned, vacated the original decree and dismissed the petition.

The proofs taken before the special master disclosed that the petitioner, Mary Dolan, and the defendant, James Wagner, had gone through a marriage ceremony on the 10th day of October, 1908, before a justice of the peace; that some years before the petitioner had married one Robert Carson; that in the early part of 1908 she instituted a suit in the court of chancery against Carson for a divorce on the ground of desertion; that on the 25th of June, of that year, a decree *nisi* was entered in that suit in her favor, divorcing her from her then husband, Carson; that she understood from a conversation with her solicitor in that case that she was thereafter legally competent to enter into a marriage ceremony with another man; that, acting on this understanding, she and the present defendant were married on the date above mentioned (the final decree not having been entered until some three months later); that Wagner and she lived together as husband and wife from the date of their marriage until the autumn of the year 1921, a period of thirteen years; that she then saw in a newspaper an article relating to the matrimonial troubles of an actor, arising out of the fact that he had married again before his divorce decree had become legal by lapse of time; that she thereupon consulted counsel as to the marital status of herself and the defendant, and was then informed that she and Mr. Wagner were not legally married; that she then reported this to Wagner, and told him that they could not live together any longer; and that, on the strength of this information, they separated a few days later.

On the facts above recited, we reach the conclusion that the court of chancery properly decreed a dismissal of the petitioner's petition. We do not concur, however, in the view that the present case is within the doctrine of *Tyll* v. *Keller, supra.* In that case the petitioner had married a woman who had a husband living, from whom she had not been divorced at the time they were married, nor at any

time subsequent, so far as the facts showed. In this situation, it was considered that the appellant (the second husband) was entitled to a decree of nullification, provided that when he married the respondent he was ignorant of the fact that she then had a husband living, from whom she had not been divorced, but that, if he had this knowledge, and notwithstanding it went through the marriage ceremony with the respondent, with a full appreciation that their subsequent relations would be meretricious, he was not entitled to the aid of a court of equity in nullifying his marriage; and that, as he had failed to prove such ignorance on his part, his petition should be dismissed.

The facts in the present case present a very different situation. Here the petitioner and defendant were married in good faith, each believing that no lawful impediment to their marriage existed. The impediment was, in fact, removed shortly after their marriage, and they continued to live as husband and wife after the removal of that impediment for more than twelve years. These facts bring the present case within the doctrine of *Robinson* v. *Robinson, 84 N. J. Eq. 201.* In that case the wife sued for divorce *a mensa et thoro.* The defense relied on was that the parties to the suit were not, and never had been, husband and wife. That there had been a ceremonial marriage between the parties was not denied by the defendant, but his contention was that this marriage was a nullity because of the fact that when it took place the petitioner was a married woman. This the petitioner admitted; but she proved to the satisfaction of the court that at the time of her marriage to the defendant a divorce proceeding instituted by her against her first husband had been pending for more than a year, and that before her marriage to the defendant she had been advised by her solicitor in the action against her first husband that a decree for divorce had been granted. It appeared in the proofs that at the time of their marriage both the defendant and the petitioner believed that she had been divorced from her first husband, and that there was no legal obstacle to their marriage. It further appeared that the

decree divorcing the petitioner from her first husband was entered only a few days subsequent to her marriage to the defendant, and that thereafter they continued to live together as husband and wife for a number of years. On these facts we held that the wife was entitled to the decree prayed for, following our earlier decision in the case of *Chamberlain* v. *Chamberlain, 68 N. J. Eq. 736,* which was based upon the proposition that when a man and woman intend to marry and live together as husband and wife, but their intent is frustrated by the existence of some unknown impediment, when the impediment is removed, and it is shown that the same intent continued, their relations are lawful, and that a common law marriage exists from and after the removal of the impediment.

Under the doctrine of the two cases just cited, the relationship between the parties in the present suit became a valid and existing matrimonial relationship after the entering of the final decree in the divorce proceedings brought by the petitioner against her first husband, Carson, and her application to have the marriage annuled, for the reasons stated in her petition, was properly denied.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.