The petition is for an annulment of marriage because of a prior and existing marriage of the defendant. The proofs show that the petitioner and defendant entered into a ceremonial marriage in June, 1927, and that shortly after she deserted. The answer admits the marriage ceremony. They also satisfactorily show that the defendant had previously married one Robert P. Cain, in Bibb county, Georgia, February 17th, 1925. The answer admits that marriage and that it was lawfully entered into. It was dissolved for desertion by a decree of the superior court of Upson county, Georgia, August 15th, 1927, two months after the petitioner and defendant married. Cain procured the divorce; he is still living. The defendant did not appear at the hearing, and no testimony was offered on her behalf. Her counsel contends that petitioner's proof is insufficient to justify a decree, and that relief should be denied because the petitioner knew or ought to have known that the marriage was unlawful and that he was culpable, notwithstanding his client's answer sets up that both parties married in good faith, innocent of the impediment, and that they lived together after the impediment was removed. The marriage took place in Miami, Florida. During the courtship the petitioner knew that the defendant was a married woman awaiting a divorce in her home state, Georgia. Two jury verdicts are required in Georgia for a divorce. Georgia Code §§ 2944, 2945, 2946. The second was returned on the day the marriage was dissolved, August 15th, 1927. The defendant left Miami ostensibly to go to Georgia to obtain the second verdict and the divorce; so she told the petitioner. On her return, in June, she represented to him that the divorce had been granted and that she was free to marry, and he believed and they married. The petitioner discovered the deception after the defendant deserted him. Counsel's *Page 312 
argument amounts to this: That the petitioner was not innocent because he was not circumspect; that had he been diligent he would have discovered; that he should have confirmed her representation by an inspection of the decree of divorce. (The decree was entered in the court minutes; it was not formal, like ours.) An all sufficient answer to this is that it was his privilege to believe the woman he was taking to wife and to confide in her representation as he did in her marriage vow. An ardent and enthralled lover is not beset with doubt and suspicion. When the spell is upon him caution takes wings; and happily so for mankind. Better a supine lover than a disappointed suitor. And he is not to be discouraged in his blind faith, nor disciplined for his obsession. The petitioner was neither rash nor wicked, for he contained himself during the courtship and waited patiently for the day of the defendant's freedom, until she returned, divorced, as he believed. He intended a moral, not a meretricious, union. His reliance on her word was as well founded as in Fromm v. Huhn, 95 N.J. Eq. 728, and Dolan v.Wagner, 96 N.J. Eq. 298, and his innocence is established within the rule of Tyll v. Keller, 94 N.J. Eq. 426, that he must prove his innocence by a preponderance of the evidence.
The defendant's plea that she too was innocent of wrongdoing is without supporting proof, and it may well be doubted, in view of her supposed errand to Georgia to secure the divorce and her apparently deceitful representation that she had procured it.
Objection was made to the admission in evidence of a duly exemplified copy of the prior Cain marriage and license. An inspection of the Georgia code, offered in evidence, discloses that a marriage license must be first obtained, and upon the return of the official performing the marriage with his certificate of the fact and date of marriage both are recorded with the ordinary of the county. Sections 2936, 2937. A copy of the record certified by the ordinary is locally admissible in evidence. Section 5211. Consequently a duly exemplified copy is admissible evidence in this state.
The petitioner is entitled to a decree. *Page 313