This is an application for alimony pendente lite. The defendant resists the application primarily because he says that petitioner obtained a divorce from her first husband by fraud in Virginia. It appears that defendant knew of petitioner's residence in Virginia, as appears by a letter he sent her in December, 1923, to Norfolk in that state. He knew she was seeking a divorce there because he paid the expenses of the suit. He then went through a ceremonial marriage with her in New Jersey and lived with her as man and wife for seven years. 19 Corp. Jur.378, states that "a stranger to the decree can only impeach it collaterally for fraud when it injuriously affects him." And, further, "* * * one who subsequently marries one of the divorced parties has no such interest as will enable him to attack the decree." Kaufman v. Kaufman, 177 App. Div. 162;163 N.Y. Supp. 566, holds that "one who induces defendant to obtain the foreign divorce and finances her in so doing, is precluded from obtaining a judicial annulment of the marriage, predicated on the invalidity of the divorce." To the same effect is Cesareo v.Cesareo, 234 N.Y. Supp. 44. There is a still broader ground for refusing to allow defendant to attack the Virginia decree. He alleges it was obtained by fraud but admits he knew all about it, and paid the expenses of it. If there were fraud, which does not conclusively appear, he participated in it, and this court will not allow him to take advantage of his own wrong.
The defendant also contends that the marriage is void because he married petitioner within four months after the Virginia decree, whereas the decree forbade her marriage until after six months. This impediment was unknown to defendant until the present suit was begun. In the first place, the Virginia decree is final and binding unless set aside, which has not been done. In the second place, I am convinced that the defendant, himself, was responsible for the early marriage and cannot now object to it. Thirdly, the general principle of law applicable here is stated in 38 Corp. Jur. (at p. 1320), as follows: *Page 393 
"Where parties to an agreement and relationship which, but for the existence of an impediment, would have constituted a valid marriage, continue in the relationship in good faith, upon the removal of the impediment the law will establish between them a valid common-law marriage."
Cases are cited from Colorado, Kansas, Mississippi, Nebraska, Nevada, New York, Oklahoma and Pennsylvania. In this state we have the case of Chamberlain v. Chamberlain, 68 N.J. Eq. 736,
a unanimous opinion of the court of errors and appeals sustaining a decree advised by Vice-Chancellor Stevenson, whose opinion is reported in 68 N.J. Eq. 414. It is sufficient to cite merely the syllabus of the opinion in the court of errors and appeals, which is as follows:
"When a man and a woman intend to marry and live together as husband and wife, but their intent is frustrated by the existence of some unknown impediment, when the impediment is removed and it is shown that the same intent continues, their relations are lawful."
In Dolan v. Wagner, 96 N.J. Eq. 298, Chief-Justice Gummere, speaking for the court of errors and appeals, said:
"Where a man and woman enter into a marriage contract in good faith, each believing that there is no lawful impediment to their marriage, although there is such an impediment in fact, and thereafter live together as husband and wife, believing themselves to be such, and, after the impediment has been removed, continue to live together under the same belief, their relations are lawful and a common law marriage exists."
The latest case I can find is that of Burger v. Burger,105 N.J. Eq. 403, in which Vice-Chancellor Lewis held, citingChamberlain v. Chamberlain, supra, and Robinson v.Robinson, 84 N.J. Eq. 201:
"Where a man and woman go through a marriage ceremony in good faith and actually thereafter live together as husband and wife, and the intended marriage is invalidated by the existence of an unknown impediment, such as a living husband thought to be dead, the marriage becomes valid upon the removal of the impediment." *Page 394 
The impediment alleged in the case before me is that petitioner married defendant two months before, under the Virginia law, she should have done so. But they lived together thereafter for seven years. It is apparent, therefore, that the cases I have cited sweep away his defense.
Considering them, therefore, as husband and wife, the question arises as to whether, under the affidavits, the wife is entitled to temporary alimony. I fixed a time for oral argument in the matter but counsel for defendant was unable to be present. I will not review in detail the voluminous affidavits submitted. I find, as a fact, that the wife was justified in leaving her husband on account of his extreme cruelty, and is entitled to alimony and a reasonable counsel fee pending final hearing. I will hear counsel as to what would be an appropriate amount, considering the man's ability to pay. *Page 395