## BROWN v. UNITED STATES et al.

Civil Action No. 8798.

District Court, D. New Jersey.

June 18, 1947.

Kristeller & Zucker, by Lionel P. Kristeller, all of Newark, N. J., for plaintiff.

Edgar H. Rossbach, U.S. Atty., and Edward V. Ryan, Asst. U.S. Atty., both of Newark, N. J., for the Government.

Samuel Levin, of Newark, N. J., for defendant Nellie Brown.

MEANEY, District Judge.

The plaintiff, Rachael Brown, brings this action against the United States for a declaratory judgment that she is the lawful

widow of William C. Brown, a deceased veteran of the United States military forces, and as such entitled to the proceeds of his national service life insurance policy.

The plaintiff, Rachael Brown, and the decedent, William C. Brown, were married on May 16, 1943, in the City of Newark, County of Essex, State of New Jersey. At the time of the marriage, the decedent, though he swore in his application for a marriage license that he was single, was as a matter of fact still married to one Fanny Brown to whom he had been joined in lawful wedlock some time before.

Fanny Brown had instituted proceedings for divorce and on April 5, 1943, had secured a decree nisi in the New Jersey Court of Chancery, which interlocutory decree became final on July 6, 1943.

After May 16, 1943, the plaintiff and the deceased lived together as man and wife until his entry into the military service of the United States. While in the said service Brown made application for a policy of life insurance under the provisions of the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq. A policy of insurance was issued and became effective on December 30, 1943, in the face amount of $10,000. The decedent designated the plaintiff, Rachael Brown, as principal beneficiary of such policy naming her as his wife, and naming the co-defendant, Nellie Brown, his mother, as contingent beneficiary.

William Brown, for whom the insurance was issued, died on November 19, 1944, at Camp Kilmer while a member of the Armed Forces of the United States and while the provisions of his National Insurance Policy were still in force.

On December 30, 1944, Rachael Brown filed her claim with the Veterans' Administration, the appropriate governmental Agency. On August 19, 1946, this claim was rejected by the Veterans' Administration, on the ground that the claimant was not the lawful widow of the insured.

The plaintiff, joining the United States of America and Nellie Brown, the contingent beneficiary mentioned in the policy in question, as defendants, asks for a declaratory judgment that she is the widow of the deceased veteran, William C. Brown, and as such entitled to the proceeds of the said policy.

■ Jurisdiction for the trial of the issues involved is vested in this court by 38 U.S.C.A. § 817.

■ The status of the plaintiff is to be determined in this action by reference to the relevant statutes of New Jersey regarding the marriage status, since the persons involved were, all of them, resident in New Jersey and subject to its laws and the operations of its courts.

■ Under the facts as stipulated in the present case, the decedent, at the time of his marriage, was still married to Fanny Brown, since the decree nisi secured by her did not actually become absolute until two months after a ceremony of marriage was performed between him and the plaintiff.

The claim asserted by counsel for the plaintiff is that since the second marriage was entered into in good faith, and the parties thereto lived together as man and wife after the final decree of divorce between Fanny and William C. Brown was granted, a common law marriage relationship was created which was not within the contemplation of the New Jersey Statute, N.J.R.S. 37:1–10, N.J.S.A.

Such statute as it affects the situation under consideration reads as follows:

"Nothing in this chapter shall be deemed or taken to render any common law or other marriage, otherwise lawful, contracted before December first, nineteen hundred and thirty-nine, invalid by reason of the failure to take out a license as herein provided. But no marriage contracted on and after December first, nineteen hundred and thirty-nine, shall be valid unless the contracting parties shall have obtained a marriage license as required by section 37:1–2 of this Title, and unless, also, the marriage, after license duly issued therefor, shall have been performed by or before any person, religious society, institution or organization authorized by section 37:1–13 of this Title to solemnize marriages; and failure in any case to comply with both prerequisites aforesaid, which shall always be construed as mandatory and not merely directory,

shall render the purported marriage absolutely void."

Plaintiff contends that a strict construction of this statute, which is in derogation of the common law, would exclude from its operation all cases where a marriage license is secured by the contracting parties and the issuance of such license is followed by a solemnization of the marriage by any party authorized to perform marriages. In the instant case, if this contention be valid, a marriage relationship would be created immediately upon the disappearance of the barrier or impediment to the marriage, existent at the time of its performance.

It is true that prior to the enactment of the 1939 statute, the law would have recognized a status such as that occupied by the decedent and the plaintiff, subsequent to July 6, 1943 (when the decree of divorce became final), as valid marriage. Chamberlain v. Chamberlain, 68 N.J. Eq. 414, 59 A. 813; Margulies v. Margulies, 109 N.J. Eq. 391, 157 A. 676; Dolan v. Wagner, 95 N.J. Eq. 1, 125 A. 2. This is based upon the presumption of an intention on the part of both parties after the impediment is removed, to live in a state of common law marriage.

Plaintiff contends that while non-ceremonial common law marriages are abolished by the Act of 1939, such marriages, when initiated by a solemnization after issuance of a license, are legalized as valid marriages provided the parties continue to live together as husband and wife. Effectively this would mean that the law, as interpreted by the cases cited, remains controlling under the facts as set forth in the stipulation.

However compelling may be the reason in any particular situation, and however grave the hardships, it seems to the court that such a construction of the statute would contravene the logical and legal requirements of the language of the Act and the purposes for which it was passed.

A marriage such as that entered into by the plaintiff and William C. Brown, while his prior marriage was still in force, is a nullity. Rooney v. Rooney, 54 N.J. Eq. 231, 34 A. 682; Sparks v. Ross, 79 N.J. Eq. 99, 80 A. 932; In Re Franchi's Estate, 119 N.J.Eq. 457, 182 A. 887. No amount of civil or religious ceremonies even after the issuance of a license can make it anything else.

The contention of the plaintiff would have the removal of the impediment to a legal marriage constitute a validation of the originally invalid ceremonial marriage, which is nowhere provided for in the Statute. It could by no means be said to revive and legitimize a null and void marriage under any circumstances, for a nullity being something which never existed cannot be "revived."

Whatever merit the plaintiff's claim may be said speciously to possess, is dissipated when it is realized that to lend weight to it the ceremony must be said to be operative not in the present but in the future. At the time of its performance, the marriage was null and void and the effectiveness of such ceremony was not saved for application in future contingencies.

In view of the court's finding as to the status of the plaintiff, it would seem that it may not declare plaintiff to be the lawful widow of the deceased veteran. And this being determined, it follows that she may not be declared entitled to the proceeds of the insurance policy in question.

Here there is no such question of estoppel as was raised in Barker v. United States, D. C., 3 F.Supp. 545, reversed in 5 Cir., 70 F.2d 1002, where the representative of the decedent's estate was held subject to the same infirmity of defense as the decedent would have suffered had he raised the same question if he had not died.

In Mixon v. Mixon, cited by the plaintiff, 203 N. C. 566, 166 S.E. 516, and in Schiefer v. United States, D. C., 52 F.2d 527, the arguments are made that the preference of the deceased veteran and the innocence of the surviving spouse are the decisive factors in arriving at the solution of the basic question. But while the preference of the veteran and the suffering of an innocent victim in individual cases may be harshly existent facts, they may not be made the basis in adjudications for effecting alteration of the plainly expressed intent of the law.

In view of these conclusions, the motion of the plaintiff for summary judgment in

her favor is denied, and there will be an adjudication that the proceeds of the policy of insurance are payable to the contingent beneficiary, Nellie Brown.

Let there be an order submitted to this effect, without costs.