**UNITED STATES v. WARNER et al.**

Civ. A. No. 4562–47.

United States District Court
District of Columbia.

June 2, 1949.

608

George Morris Fay, United States Attorney, D. Vance Swann, Atty., Dept. of Justice, Washington, D. C., Jules H. Sigal, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

H. Clay Espey, Washington, D. C., for defendant Bessie M. Warner.

C. L. Dawson, Washington, D. C., for defendant Mary J. Harsley.

LETTS, District Judge.

The plaintiff, United States of America brings this action in the nature of a Bill of Interpleader and asks the court to determine which defendant Bessie M. Warner or Mary J. Harsley is entitled to the proceeds of a contract of National Service Life Insurance, issued to Charles Warner who died on May 10, 1945. In the contract the insured designated Bessie M. Warner as beneficiary and described her as wife.

The evidence clearly shows that the insured entered into a ceremonial marriage which was consummated in accordance with the forms of Maryland law at Baltimore, Maryland on August 16, 1935 and continued to live with her until his death. It is equally clear in the evidence that the insured entered into a ceremonial marriage with the defendant Mary J. Harsley in the parish of St. Stephen, County of York, England on February 9, 1896 and that the insured deserted said defendant in June, 1897. It appears in the evidence without dispute that the defendant Mary J. Harsley married one Robert Harsley on December 16, 1933 and that her marriage to said Robert Harsley was terminated by his death on March 22, 1942.

Each defendant claims the insurance benefits, each contending that she was the lawful wife of the insured at the time of his death. Since the defendant Bessie M. Warner was designated as beneficiary of the insurance the issue arising from the conflicting contentions is the validity of the insured's marriage with Bessie M. Warner in 1935. If her marriage to the insured was valid she was the wife of the insured at the time of his death and being within the permitted class she is entitled to the proceeds of the contract of insurance. It is conceded and undoubtedly the law that the validity of insured's marriage to the defendant Bessie M. Warner must be determined by application of Maryland law which is controlling. Brown v. United States, D.C., 72 F.Supp. 153, affirmed 3 Cir., 164 F.2d 490.

It is believed that the best expression of the Maryland law is found in the court's opinion in Schaffer v. Richardson's Estate, 125 Md. 88, 93 A. 391, 392, L.R.A. 1915E, 186. In that opinion the court cited Wenning v. Teeple, 144 Ind. 189, 41 N.E. 600 and quoted with approval the following:

"When a marriage has been consummated in accordance with the forms of law, it is presumed that no legal impediments existed to the parties entering into such marriage, and the fact, if shown, that either or both of the parties have been previously married, and that such wife or husband of the first marriage is still living, does not destroy the prima facie legality of the last marriage. The presumption in such a case is that the former marriage has been legally dissolved, and the burden that it has not rests upon the party seeking to impeach the last marriage."

Schaffer v. Richardson was decided in 1915 but an examination of later cases brings to view no modification of the announcement made therein, as it is applicable to the facts of the instant case.

Applying the Maryland law to the facts of this case we start with a presumption favoring the validity of the marriage of the insured to Bessie M. Warner in 1935 and with the presumption that the former

marriage of the insured to Mary J. Harsley had been legally dissolved. The burden of overcoming these presumptions rests upon the defendant Mary J. Harsley. It is incumbent upon her to prove that her marriage to the insured in 1896 had not been dissolved, since she seeks to impeach the marriage of the insured to the defendant Bessie M. Warner. The burden of proof continues, notwithstanding she is thereby required to prove a negative. Schaffer v. Richardson, supra. That burden of proof has not been carried by such defendant. Accordingly it is found that the marriage of the insured to Bessie M. Warner was valid; that she was the wife of the insured; and that she is entitled to the proceeds of the contract of insurance.

Counsel for defendant Bessie M. Warner will submit for settlement findings of fact, conclusions of law and a judgment form consistent herewith.