This is an appeal from an order made March 21, 1949, by the Judge of the Juvenile and Domestic Relations Court of the County of Essex, requiring the defendant to pay $12 a week for the support of the two children of the plaintiff and the defendant, and $6 a week for the support of the plaintiff.
The plaintiff, Rosalie Tasto, and the defendant, John Charles Tasto, went through a ceremonial marriage at Elkton, Maryland, on February 10, 1947, and two children were born to them, John Charles, Jr., and Maureen Rose, aged respectively at the time of the hearing, 13 months and two weeks. The plaintiff testified that the defendant left her and their children in July, 1948, approximately seven and a half months before the birth of their second child and eight months before the hearing. Since his desertion, he has paid about $30 a month for the support of his children. The plaintiff further testified that at the time of her marriage to the defendant she knew that he had been previously married, but that he told her he was divorced from his former wife. She testified that the defendant did not disclose to her that he had no final decre and that she married him in good faith, believing he was fully divorced from his former wife.
The defendant testified that the plaintiff knew that his divorce would not become final until May, 1947. He admitted, however, that after the marriage ceremony he always held the plaintiff out as his wife and supported her and their children until he left the plaintiff and their older child, then a five months' old baby, in the early summer of 1948.
The court below found that the plaintiff had sustained her complaint against the defendant, that defendant's assertion that the plaintiff knew that the final decree of divorce would *Page 550 
not be entered until May, 1947, was seriously disputed by the plaintiff, and that it was not open to the defendant to avoid the responsibility which he had voluntarily incurred.
The defendant argues four grounds for reversal: (1) that the defendant was not the lawful husband of the plaintiff, (2) that the court below had no jurisdiction to enter the order in question, (3) that there was no proof of an abandonment without any support or without sufficient support for actual subsistence for the children, and (4) that the plaintiff did not allege nor were there any proofs that the plaintiff was likely to become a public charge.
The defendant's main ground for reversal is predicated upon the fundamental principle that a man cannot have two lawful wives at the same time and that as the defendant was not divorced by a final decree from his first wife, his ceremonial marriage to the plaintiff was ipso facto void. The defendant relies upon the cases of Zule v. Zule, 1 N.J. Eq. 96 (Ch. 1830); Friesnerv. Symonds, 46 N.J. Eq. 521 (Prerog. 1890), and Freeman v.Freeman, 49 N.J. Eq. 102 (Ch. 1891): but the facts in these cases are clearly distinguishable from the facts in the instant matter.
The case before us comes within the purview of the well-considered opinion by Vice-Chancellor Stevenson inChamberlain v. Chamberlain, 68 N.J. Eq. 414 (Ch. 1904); affirmed, 68 N.J. Eq. 736 (E. A. 1905), wherein it was held that where a man and woman intend to marry and live together as husband and wife, but their intent was frustrated by the existence of some unknown impediment, when the impediment is removed and it is shown that the same intent continues, their relations are lawful — which holding was cited with approval by the Court of Errors and Appeals in Robinson v. Robinson,84 N.J. Eq. 201 (1914).
The facts in the instant matter are more persuasive than in the cases cited by the appellant in that here there had been a hearing in the divorce suit between the defendant and his former wife. It was in the interval between the hearing and the final decree that the plaintiff, believing and relying on the defendant's representations, went through a ceremonial *Page 551 
marriage with him; but when the impediment was removed, the intent and motives of the parties related back to the original date of the ceremonial marriage. Fromm v. Huhn, 95 N.J. Eq. 728
(E. A. 1923); Dolan v. Wagner, 96 N.J. Eq. 298 (E. A. 1924); Burger v. Burger, 105 N.J. Eq. 403 (Ch. 1929);Margulies v. Margulies, 109 N.J. Eq. 391 (Ch. 1931). The intent of the parties is clearly established from the date of the ceremonial marriage until the desertion of the plaintiff by the defendant. From and after their ceremonial marriage, they lived together as husband and wife, they held themselves out to be husband and wife, they had two children, the older of whom bears his father's given names, and the defendant in the role of husband and father supported the plaintiff and their children.
The defendant knew, or should have known, that he could not legally marry the plaintiff until there had been awarded a final decree of divorce. The court below was satisfied that the plaintiff had no knowledge of the fraud perpetrated upon her and the children yet to be born. The plaintiff had every good intention to enter into a lawful marriage with the defendant. His act was the commission of a gross fraud and it is most appropriate that there should be invoked against him the doctrine of estoppel applicable for the redress and prevention of fraud.Chamberlain v. Chamberlain, supra, 68 N.J. Eq. at p. 423. The rule of estoppel against the defendant became operative when his final decree of divorce became effective in that he then became capable of doing what he had falsely pretended to do.
The second ground for reversal argued by defendant, that the court below had no jurisdiction, is without merit, since the court found plaintiff and defendant to be husband and wife, and thus under the provisions of R.S. 9:18-1 to 37 it had authority to make the order complained of.
With regard to the other grounds for reversal — the defendant admitted deserting the plaintiff and their children, and hence it was well within the jurisdiction and discretion of the court below to find and determine, in view of the defendant's earnings and the present cost of living, what constituted *Page 552 
adequate support for the plaintiff and their children. The court below found there was need of such support as provided in its order. The defendant does not deny that the plaintiff and their children may become public charges unless he provides for their support.
The judgment below is affirmed.