## GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff,

v.

**Ruth A. BISHOP, Leonard Hanshaw, Administrator of the Estate of Tammie M. Hanshaw, Daniel Bishop, Kevin Hanshaw, Deborah Bishop, an infant, Diane Stambaugh, an infant, Julie Naugle, an infant, Charles Jenkovich, Arlene M. Chenoweth and Nissan Motor Corporation in USA, Defendants.**

Civ. A. No. 79–782–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Oct. 29, 1979.

William M. Harris, Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., for plaintiff.

Donald G. Wise, Portsmouth, Va., William P. Williams, Babalas & Williams, P. C., Norfolk, Va., Richard S. Friedman, Friedman & Friedman, P. C., Harrisburg, Pa., Ronald F. Schmidt, Glasser & Glasser, Allan S. Reynolds, White, Reynolds, Smith & Winters, Norfolk, Va., for defendants.

## MEMORANDUM ORDER

CLARKE, District Judge.

This matter comes before the Court on defendants', Diane Stambaugh and Julie Naugle, motion to reconsider the Court's Order of October 2, 1979, in which the above two defendants' motion to transfer the case to the Middle District of Pennsylvania was denied. In the Order of October 2, 1979, the Court exercised its discretion under 28 U.S.C. § 1404, in deciding not to transfer the case, and will not now reconsider the change of venue request pursuant to that section. The only new matter raised in this motion to reconsider is that venue in the Eastern District of Virginia is improper under 28 U.S.C. § 1397, and the action should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). Defendants base this argument on their contentions that in the present case the only defendant resident in Virginia is the insured, Ruth Bishop, who is not a claimant, and that the other defendants-claimants do not reside in Virginia.

This action of interpleader was brought pursuant to 28 U.S.C. § 1335, and 28 U.S.C. § 1397 provides that "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue

---

in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Therefore, under Title 28, the Court agrees with defendants Stambaugh and Naugle that venue is proper only where one of the claimants resides. *E.g., Metropolitan Life Insurance Co. v. Chase*, 294 F.2d 500, 502–03 (3d Cir. 1961). The Court does not agree, however, that the insured, Ruth Bishop, is not a claimant. This action of interpleader provides the stakeholder, the Government Employees Insurance Company, a means "to protect itself against the hazards of multiple liability on an insurance policy resulting from diversity of citizenship of adverse claimants who could not otherwise be brought within the jurisdiction of one court to determine the rights of the respective claimants and *the obligations of the insurer under the policy.*" 20 *Appleman Insurance Law and Practice* 75 (1963), *citing, Mutual Insurance Life Co. of New York v. Egeline,* 30 F.Supp. 738 (D.C. Cal.1940) (emphasis added). The insured, Ruth Bishop, is a claimant to the extent that she is entitled to be protected against liability under the insurance policy and thereby has an interest in the proceeds to the extent of her insurance coverage. Accordingly, "the obligations of the insurer under the policy" cannot be determined without Ruth Bishop as a party because she has a claim against the proceeds to the extent of her liability coverage. *See generally* 8 *Appleman, supra* at § 4891 and cases cited therein. Moreover, Ruth Bishop has an interest in seeing that the proceeds of the policy are applied to the claims in a manner which will minimize her residual obligation to any claimant in excess of the policy coverage.

For the reasons set forth in this Order, as well as those set forth in the Order of October 2, 1979, the Court is of the opinion that venue in this interpleader action is appropriate and proper in the Eastern District of Virginia, and the current Motion to Reconsider is DENIED.