## SHAW v. SHAW.

### ALIMONY; COUNSEL FEES.

1. The Supreme Court of the District of Columbia has jurisdiction to grant alimony as permanent relief on a bill for that purpose alone, where there is no ground for divorce; *following* Tolman v. Tolman. 1 App. D. C., 299.
2. In a suit by a wife against her husband for separate maintenance and counsel fees, where the evidence showed that his only excuse for deserting her was her alleged bad temper, and his income was $100 a month, it was *held* that he should pay $150 on account of alimony *pendente lite*, counsel fees and costs, and $15 a month for her support permanently, or until he should be willing to resume his marital relations.

No. 200.    Submitted December 15, 1893.—Decided January 3, 1894.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a bill by a wife against her husband for separate maintenance and support. *Reversed.*

The FACTS are sufficiently stated in the opinion.

*Mr. M. J. Colbert* for the appellant.

*Mr. B. H. Loucks* for the appellee.

Mr. Justice Shepard delivered the opinion of the Court:

The parties to this suit are husband and wife. The husband deserted the wife, and she filed her bill against him to compel the payment of alimony *pendente lite* and permanent, " until such time as he may be willing to resume his marital duties and obligations." The allegations. of the bill show no case for divorce and none is prayed for. It was dismissed.

1. The principal question in the case, viz., Has the Supreme Court of the District of Columbia jurisdiction to grant alimony as permanent relief on a bill for that purpose alone, where there is no ground for divorce, has been answered in the affirmative and settled by this court, since this appeal was taken. *Tolman* v̇. *Tolman*, 1 App. D. C., 299.

2. These parties were married June 1, 1892, and separated August 27 of the same year. The husband was a widower about sixty-one years of age, and had been married twice before. He had a number of children, of whom three lived with him—one a daughter about twenty-one, and the others sons, aged about thirteen and sixteen years respectively. The wife was a widow about thirty-two years of age, with two young children. She was poor, and dependent upon her own labor for support. He was also poor, and dependent upon his salary as a clerk in the War Department at $100 per month.

The husband does not charge the wife with immoral conduct. His excuse for deserting her is that she was possessed of a fiendish temper which made living with her intolerable. It would seem from the evidence that neither the wife nor the grown daughter was without temper, and that they got on badly from the beginning. The husband soon became involved in the quarreling, and he and his wife were speedily estranged. All the parties were more or less to blame for the condition which prevailed.

It is unnecessary to review the evidence in the case. The conduct of the wife as shown therein certainly could not excuse, much less justify, the manner in which she was treated by the husband at the time of his desertion. The house which they occupied was a rented one, and the husband had furnished it. On August 27 he removed all the furniture, save from her room, and left her there. The sixteen year old boy even went to his stepmother's room and attempted to take the matting from the floor, but was put out by her. She was then pregnant and had been ill for two weeks, during which time, though not confined to her bed, she had kept her room. Nothing that she could eat was left in the house, and a charitable neighbor sent her food. · No provision whatever was made for her. Having married this woman, he cannot lightly throw her off. If he will not live with her, he must do something, in due proportion to his ability and means, towards her support.

Under the circumstances we think it not unreasonable to require him to pay her the sum of one hundred and fifty dollars on account of alimony pending suit, and her attorney's fees and charges for maintaining the suit. In addition thereto, and as permanent alimony, until such time as he may be willing to resume his marital duties and obligations in good faith, he ought to pay her out of his income the sum of fifteen dollars per month.

*The decree appealed from must be reversed with costs to the appellant, and the cause remanded for the passage of a final decree in accordance with this opinion. In the discretion of the court in special term, the one hundred and fifty dollars for expenses, etc., mentioned herein above, may be made payable in reasonable installments.*