## PARRELLA v. PARRELLA.
### No. 7724.

United States Court of Appeals for the District of Columbia.

Decided June 2, 1941.

Joseph A. Nacrelli, Joseph C. Turco, and Jesse H. Chessin, all of Washington, D. C., for appellant.

Albert A. Stern, of Washington, D. C., for appellee.

Before MILLER, VINSON and RUTLEDGE, Associate Justices.

MILLER, Associate Justice:

Appellant, as plaintiff in the District Court, sued for annulment of marriage between himself and appellee on the ground that she had a living spouse at the time of the marriage of which annulment was sought. Following the hearing of the cause, the District Court found that appellee Antonietta and one Thomas Scandone lived together as husband and wife prior to 1924; in December, 1931, she married appellant Antonio; the lapse of time and circumstances between 1924 and 1931 were such as to justify the belief that Thomas Scandone was dead; at the time of the marriage in 1931 she did not know there was an impediment to her marriage; there was no evidence to show that appellant had any knowledge of an impediment until his separation from appellee in August, 1937; domestic infelicity and not knowledge of a living spouse caused appellant to desert appellee at that time; Thomas Scandone died, in New Jersey, during February, 1932; appellant and appellee lived together, in the District of Columbia, as husband and wife, after the removal of the impediment in 1932, and until August, 1937; the intention of appellant and appellee was matrimonial and not meretricious. And, the District Court held that under the circumstances a common law marriage occurred between the parties by reason of their living together as husband and wife, following the removal of the impediment. We find no reason for disturbing either the findings, the conclusions drawn therefrom, or the decree denying appellant's prayer for annulment of the marriage.[1]

The District Court also awarded the sum of $30 monthly to be paid by appellant to appellee for her maintenance, pursuant to the prayer contained in her answer. Appellant now challenges this

---

[1] Thomas v. Murphy, 71 App.D.C. 69, 107 F.2d 268.

award on the theory that permanent alimony cannot be granted in an annulment suit, and that no issue was presented to the court concerning alimony. This contention is without merit. The District of Columbia Code provides for the allowance of money for the maintenance of a wife, upon her application therefor, whenever the husband shall fail or refuse to maintain her.[2]

Affirmed.