**HARRIS et al. v. BRISCOE.**
**No. 11996.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1953.

Decided April 22, 1954.

Petition for Reconsideration Denied
June 2, 1954.

Mr. J. Joseph Barse, Washington, D. C., for appellants Maloney Concrete Co., Inc., and United States Fidelity & Guaranty Co. Messrs. H. Mason Welch, John R. Daily and J. Harry Welch, Washington, D. C., also entered appearances for appellants Maloney Concrete Co., Inc., and United States Fidelity & Guaranty Co.

Mr. H. Clay Espey, Washington, D. C., for appellant Theodore J. Harris.

Mr. Lamar Brown, Washington, D. C., for appellee.

Mr. Ward E. Boote, Asst. Sol., United States Department of Labor, Washington, D. C., was allowed to argue, by special leave of Court, to set forth the position of that Department.

Before STEPHENS, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The Deputy Commissioner made an award of compensation to Louis M. Briscoe December 1, 1952, under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (1927), 33 U.S.C. § 901 et seq. (1952), which has heretofore been made applicable as a workmen's compensation act in this jurisdiction. The award became effective the day it was filed by the Deputy Commissioner, but has not yet become final [1] because the alleged employers and their insurance carrier [2] promptly petitioned for review under § 21(b) of the Act, 44 Stat. 1436 (1927), 33 U.S.C. § 921(b) (1952). Their appeal from the District Court's order of dismissal is pending here as No. 11,893. Although the award is not final, it has been continuously since its entry, and is now, effective because the District Court did not stay its effectiveness during the review proceeding under § 21(b).

Many months passed during which Briscoe received no payments although the award had been in effect since December 1, 1952. He could not sue for enforcement under § 21(c) because the award had not become final.[3] He could and did proceed, however, under § 18 of the Act, 44 Stat. 1434 (1927), 33 U.S.C. § 918 (1952), which provides procedure for the enforcement of an effective award which has not become final.[4] Pursuant to his application thereunder, the Deputy Commissioner issued a supplementary order October 5, 1953, declaring the sum of $3,960.79 in default. Briscoe filed a copy of the order in the District

---

1. Section 21(a) of the Act is as follows: Sec. 21. "(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

2. They will be referred to as "the employer."

3. Section 21(c) of the Act is as follows: "(c) If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred (or to the [district court of the United States for] the District of Columbia if the injury occurred in the District). If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order."

4. Section 18 of the Act is in part as follows:

"Sec. 18. "In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order for a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 19, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. * * * The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred. * * * Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit. * * *"

Court, which entered judgment October 27, 1953, for the amount found in default by the Deputy Commissioner, and later refused to permit a supersedeas bond to be posted.

The employer's appeal from the judgment entered under § 18, which bears our No. 11,996, has not been heard on the merits. It is now before us on the appellants' motion for permission to supersede. We stayed execution of the judgment pending our disposition of the motion.

■ Section 18 permits review of a judgment rendered thereunder "as in civil suits for damages at common law." Since defendants in such civil suits may supersede as a matter of right, the employer is entitled, upon executing bond, to be granted supersedeas of the § 18 judgment pending appeal, unless some other provision of the Act forbids it. Briscoe says the following provision of § 21(b) has that effect:

> " * * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. * * * "

They contend that, because payment of the amounts required by the award was not stayed by the District Court in the proceeding under § 21(b), the qualified prohibition against the stay of payment contained in the quoted provision is therefore absolute, and forbids super-

sedeas with respect to a judgment under § 18 for defaulted installments. The validity of that contention is the single question here.

■ Although it "requires" payment, the Deputy Commissioner's award, standing alone, has no coercive effect. And in a review proceeding under § 21 (b) the District Court cannot coerce payment of accrued installments, either *pendente lite* or in a final judgment affirming the award. By express provision of the Act, the only methods of enforcement available to a beneficiary are those set out in § 21(c) and § 18,[5] each of which requires a new proceeding in the District Court, separate and distinct from that in which the award is reviewed under § 21(b).

It is therefore clear that in a proceeding under § 21(b) the employer is under no legal compulsion to make compensation payments, and will never be subject to such compulsion unless and until a judgment is entered against him under § 21(c) or § 18. So, unlike the writ of supersedeas with respect to a judgment under § 18, which suspends the beneficiary's right to collect through coercive legal process, a stay in a § 21(b) proceeding would suspend the beneficiary's right even to seek a judgment under § 18, because it would suspend the effectiveness of the award itself.[6]

■ We conclude that Congress did not intend the language of § 21(b), which qualifiedly forbids staying the effectiveness of the award itself, to be assimilated into § 18 and treated as a prohibition against supersedeas with respect to a money judgment rendered under that section. That is to say, the statutory provision that a beneficiary's right to sue shall not be stayed, except in com-

---

5. It is so provided in § 21(d) of the Act, which is as follows:

"(d) Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 18."

6. A stay in a proceeding under § 21(b) renders the award itself inoperative during the pendency of that proceeding. There can be no default under an inoperative award, so § 18 cannot be invoked while a stay under § 21(b) is in effect.

pelling circumstances, ought not to be regarded as a provision that, when he has sued and obtained judgment, the right to supersede shall be denied the employer.

Accordingly, we hold that when Congress provided in § 18 that an employer might appeal as in civil suits at common law, the attendant right to supersede was thereby extended to him. The employer will be permitted to execute in this court a supersedeas bond in the amount of $5,000.