218 F.2d 45
 94 U.S.App.D.C. 32
 Theodore J. HARRIS, Maloney Concrete Company, Inc., a
corporation, United States Fidelity & Guaranty
Co., a corporation, Appellants,
v.
Theodore BRITTON, Deputy Commissioner, District of Columbia
Compensation District, Bureau of Employees'
Compensation, United States Department
of Labor, Louis M. Briscoe,
Appellees (three cases).
Theodore J. HARRIS, Maloney Concrete Company, Inc., a
corporation, United States Fidelity & Guaranty
Co., a corporation, Appellants,
v.
Louis M. BRISCOE, Appellee.
 Nos. 11893, 11996, 12032, 12131.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Oct. 29, 1954.
Decided Dec. 30, 1954.
 
 [94 U.S.App.D.C. 38] Mr. H. Clay Espey, Washington, D.C., for appellant Theodore J. Harris.
 Mr. J. Joseph Barse, Washington, D.C., with whom Messrs. H. Mason Welch, John R. Daily, J. Harry Welch and Charles B. De Shazo, Washington, D.C., were on the briefs, for appellants Maloney Concrete Co., Inc., a corporation, and United States Fidelity & Guaranty Co., a corporation.
 Mr. Ward E. Boote, Asst. Sol., United States Department of Labor, Washington, D.C., with whom Messrs. Leo A. Rover, U.S. Atty., and Lewis Carroll, Asst. U.S. Atty., Washington, D.C., were on the briefs, for appellee Theodore J. Britton.
 Mr. Lamar Brown, Washington, D.C., was on the briefs for appellee Louis M. Briscoe.
 Before EDGERTON, BAZELON and DANAHER, Circuit Judges.
 EDGERTON, Circuit Judge.
 
 
 1
 These are workmen's compensation cases. Briscoe was injured driving a truck. The deputy commissioner awarded compensation based on findings that Harris was Briscoe's general employer and Maloney Concrete Company, Inc., his special employer.
 
 
 2
 Harris, the Maloney Company, and the Company's insurance carrier have appealed from several judgments of the District Court (1) dismissing suits to set aside the basic award;[1] (2) dismissing a suit to set aside a supplementary order of the deputy commissioner declaring the amount in default;[2] and (3) requiring payment to Briscoe of the amount in default as declared by the supplementary order.[3]
 
 
 3
 The appellants attack the deputy commissioner's findings that Harris and the Maloney Company were Briscoe's employers within the meaning of the Longshoremen's and Harbor Workers' Compensation Act,[4] 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. These findings are supported by substantial evidence. We find no error in the judgments dismissing the suits to set aside the basic award.
 
 
 4
 By § 21(a) of the Act a compensation award is made 'effective' when it is filed in the office of the deputy commissioner, and is made 'final' thirty days later unless proceedings to suspend it or set it aside are instituted under 21(b). 33 U.S.C.A. § 921(a), 44 Stat. 1436.
 
 
 5
 'In case of default by the employer in the payment of compensation due under any award * * * for a period of thirty days after the compensation is due and payable,' § 18 authorizes the deputy commissioner to 'make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order.' 33 U.S.C.A. § 918, 44 Stat. 1434. Payments called for by an 'effective' compensation award are 'due and payable.' Twine v. Locke, 68 F.2d 712, 714. Harris v. Briscoe, 94 U.S.App.D.C. , 212 F.2d 619. Accordingly the deputy commissioner, on Briscoe's application, made a supplementary order declaring the amount in default. The appellants were notified of the application and were asked to show what payments, if any, had been made on the basic award. They failed to respond or to apply for the hearing which § 19(c) permits. Section 18 declares the deputy commissioner's supplementary order 'final' and directs the District Court, upon the filing of a copy, to 'enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law.' The District Court accordingly dismissed appellants' suit to set aside the supplementary order and entered judgment for the amount in default. We find no error.
 
 
 6
 Section 21(b) provides that 'If not in accordance with law, a compensation order may be suspended or set aside * * * through injunction proceedings * * *. The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage.' 33 U.S.C.A. § 921(b), 44 Stat. 1436. The appellants failed to show irreparable damage and the District Court accordingly denied their application for an interlocutory injunction staying payment of the amounts required by the basic award. But a panel of this court of which the writer of this opinion was a member permitted the appellants to supersede, pending appeal, the District Court's judgment entered under § 18 requiring payment to Briscoe of the amount in default. Harris v. Briscoe, supra. The question whether supersedeas should have been granted has now become moot. The writer of this opinion now thinks supersedeas should probably not have been granted, and if the question were in issue would request a rehearing by the court in banc. Concerning this matter the other members of the present panel express no opinion.
 
 All the appealed judgments are
 
 7
 Affirmed.
 
 
 
 [1]
 Appeals No. 11893 and No. 12131
 
 
 [2]
 Appeal No. 12032
 
 
 [3]
 Appeal No. 11996
 
 
 [4]
 Applicable in the District of Columbia as a workmen's compensation act; D.C.Code 1951, § 36-501, 45 Stat. 600, 33 U.S.C.A. § 901 note