**Harry A. JOHNS, Cross-Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF HIGHWAYS and Employers Liability Assurance Corporation, a foreign Insurance corporation, and the Alaska Workmen's Compensation Board, Cross-Appellees.**

**Nos. 732, 743.**

Supreme Court of Alaska.

July 27, 1967.

---

John M. Savage, Anchorage, for cross-appellant.

George N. Hayes and James K. Singleton of Delaney, Wiles, Moore & Hayes, Anchorage, for cross-appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

In State, Dep't of Highways v. Johns,[1] we affirmed the Alaska Workmen's Compensation Board's decision that Harry Johns' injuries arose out of and in the course of his employment.[2] This appeal concerns several ancillary issues pertaining to attorney's fees, the circumstances which authorize the staying of the Board's award of compensation, and the proper method of enforcing a compensation order of the Board.

After appealing the Board's decision to the superior court, the Department of Highways of the State of Alaska and Employers Liability Assurance Corporation moved to stay the payment of any compensation under the Board's order. The motion was made pursuant to AS 23.30.-125(c) of the Alaska Workmen's Compensation Act. This section provides:

> If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings in the superior court brought by a party in interest against the board and all other parties to the proceedings before the board. The payment of the amounts required by an award may not be stayed pending final decision in the proceeding unless upon application for an interlocutory injunction the court on hearing, after not less than three days' notice to the parties in

1. Opinion No. 385, 422 P.2d 855 (Alaska 1967).

2. In its decision the Board determined that Johns was temporarily totally disabled and further found that the degree, if any, of his permanent disability could not be ascertained at the time of hearing. The superior court, in affirming, remanded the case to the Board to establish the duration of Johns' temporary total disability and his permanent disability rating, if any.

interest and the board, allows the stay of payment, in whole or in part, *where irreparable damage would otherwise ensue to the employer.* The order of the court allowing a stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference to it, that irreparable damage would result to the employer, and specifying the nature of the damage. [emphasis added]

In support of the motion, counsel for movants filed an affidavit in which he stated in part:

[I]f plaintiffs are required to make such payments under the Order * * * plaintiffs will suffer irreparable damage since there will be no way that they can obtain reimbursement of such monies if the court determines that Harry John's injuries did not arise out of or in the course and scope of his employment with the State of Alaska, Department of Highways * * *.[3]

Cross-appellant Johns opposed the motion on the basis that his injuries fell within the ambit of the Act. As to the assertion of irreparable damage, Johns' reply memorandum stated:

Defendant's [Johns'] severe injuries makes it doubtful that he will ever be able to work again. The Court is reminded that Defendant has filed an action against the United States in a third party suit and if successful, must repay the sums paid out under the Workmen's Compensation decision.

In this same memorandum, cross-appellant relied on federal authorities which, in construing 33 U.S.C. § 921(b) (1964) of the Longshoremen's & Harbor Workers'

Compensation Act, determined that financial irresponsibility of the injured employee, standing alone, does not constitute a sufficient basis for a finding that the employer will suffer irreparable damage if compensation payments are not stayed.[4] Thereafter, the superior court entered an order stating that:

[Johns], his agents and representatives and anyone acting for him be restrained until further notice from this court from taking any action in any court or tribunal for the collection of the award or any part of it made by the Alaska Workmen's Compensation Board to Harry A. Johns in this matter.

Subsequently, the superior court decided the merits of the appeal adversely to cross-appellees and in its judgment provided in part:

That the injunction and restraining order previously entered in the above entitled case restraining the defendant Harry Johns from enforcing the order of the Alaska Workmen's Compensation Board dated August 19, 1965 is dissolved.

Cross-appellees then appealed to this court from that portion of the superior court's judgment which affirmed the Board's compensation order.[5] Cross-appellant Johns also appealed from that portion of the superior court's judgment which awarded $300 in attorney's fees, and from the restraining order which the superior court had entered.

After he had filed his notice of appeal, Johns made a motion in the superior court to modify the $300 award of attorney's fees. Simultaneously, Johns also moved the superior court for an

---

3. The primary focus and thrust of this affidavit was directed towards demonstrating that Johns' injuries did not arise out of and in the course of his employment. Contemporaneously with their motion for stay, cross-appellees filed a supersedeas bond in the amount of $4,000.

4. AS 23.20.125(c) of the Alaska Workmen's Compensation Act is substantially similar to section 921(b) of the Longshoremen's & Harbor Workers' Compensation Act. The authorities construing the latter Act will be discussed subsequently.

5. In conjunction with their appeal to this court, cross-appellant filed a supersedeas bond in the amount of $7,200.

order for the issuance of an execution in the above entitled case for the reason that there is no injunction in accordance with law restraining the collection or payment of the amount set forth in the decision of the Alaska Workmen's Compensation Board * * *.[6]

After hearing arguments from counsel regarding the two motions, the superior court entered an order denying both motions. Johns then appealed to this court from the superior court's refusal to grant his motions for issuance of execution and modification of attorney's fees.

Cross-appellant Johns' initial contention before us is that the superior court erred when it stayed payment of the Board's compensation order pending final decision. More specifically, Johns, in part, argues that cross-appellees had not shown that they would be irreparably damaged if payments were not stayed. In support of this position, cross-appellees rely upon federal precedents which were decided under section 921(b) of the Longshoremen's & Harbor Workers' Compensation Act. These authorities hold that financial irresponsibility or insolvency of the claimant does not constitute irreparable damage within the intendment of 33 U.S.C. § 921(b) (1964).[7] Higgins, Inc. v. Donovan[8] is the most recent of these decisions concerning the "irreparable damage" provision of section

921(b). In that case the court said in part:

It has been held on numerous occasions that in considering an application for an interlocutory injunction to stay payments under the Act it is not sufficient to show that because of the financial condition of the beneficiary the employer would be unable to recover the amount paid if successful on appeal.[9]

We adopt, in part, the federal rule and hold that a claimant's insolvency, or financial irresponsibility, in and of itself is not sufficient grounds upon which to base a finding of "irreparable injury" under AS 23.30.125(c). To warrant the superior court's enjoining of payments in whole, or in part, the employer must produce evidence not only of the claimant's insolvency (or financial irresponsibility) but must also demonstrate the existence of the probability that the merits of the appeal will be decided adversely to the claimant.[10]

We reach this conclusion with full realization that proper construction of the term "irreparable damage" found in AS 23.30.-125(c) of our compensation act is a highly debatable issue. To a certain extent we agree with cross-appellee's criticisms of the federal decisions which have interpreted "irreparable damage" under 33 U.S.C. § 921(b).[11] On the other hand, we are not

---

**6.** In his memorandum in support of his motion for issuance of execution, Johns argued that:
 The law in regard to the payment under decisions of the Alaska Workmen's Compensation Board is to the effect that payment must be made under these decisions unless some court has issued an injnction restraining the payment under said decision. See Section 23.-30.125(c).

**7.** Alabama Dry Dock & Shipbuilding Co. v. Henderson, 98 F.Supp. 1001 (S.D.Ala. 1951); Seas Shipping Co. v. Cardillo, 86 F.Supp. 531, 533 (E.D.N.Y.1949); Pioneer Eng'r Co. v. Cardillo, 68 F.Supp. 743 (E.D.Pa.1946); American Shipbuilding Co. v. McManigal, 65 F.Supp. 297 (W.D.N.Y.1946); Travelers Ins. Co. v. Norton, 32 F.Supp. 501 (E.D.Pa.1940);

Walliser v. Bassett, 33 F.Supp. 636, 638–639 (E.D.Wis.1939); Luckenbach S.S. Co. v. Norton, 21 F.Supp. 707 (E.D.Pa. 1937).

**8.** 249 F.Supp. 941 (E.D.La.1966).

**9.** Id. at 942 (footnote omitted).

**10.** See Montagna v. Norton, 28 F.Supp. 997, 1002 (D.N.J.1939). Cf. Walliser v. Bassett, 33 F.Supp. 636, 638–639 (E.D. Wis.1939).

**11.** Cross-appellees point out that most of the authorities rely on the *Luckenbach* case and that *Luckenbach* "was correct to the extent that it read irreparable damage * * * as the equivalent of irreparable injury in normal equity terminology * * * and became incorrect only to the extent that it misunderstood

persuaded by any of the precedents cited by cross-appellees that a claimant's financial irresponsibility or insolvency, standing alone, is sufficient to establish irreparable damage. None of cross-appellees' authorities involve workmen's compensation cases. In light of the broad public policy considerations which shaped and are embodied in workmen's compensation legislation, we believe cross-appellees' authorities are inapposite. Ideally, final resolution of this issue lies within the province of our legislature. The legislature is well equipped to study the question of balancing the need on the part of injured claimants for compensation payments against possible instances of employer's inability to recover unwarranted payments.

█ Even if we were to adopt cross-appellees' construction of "irreparable damage" and hold that financial irresponsibility or insolvency of the claimant alone is sufficient to justify the entry of stay, we are of the opinion that cross-appellees' showing in behalf of their motion for stay was inadequate. This showing, which consisted primarily of counsel's conclusionary statements, did not warrant a finding of "irreparable damage." [12]

██ Cross-appellant's second point in this appeal is that the superior court erred in failing to grant his motion for issuance of a writ of execution once the superior court had affirmed the Board's decision

and had dissolved its stay of compensation payments. Cross-appellant Johns argues that AS 23.30.125(c) [13] is the exclusive method of staying compensation payments pending an appeal either from the Board to the superior court, or from the superior court to this court. Since the superior court had dissolved the AS 23.30.125(c) stay it previously entered, and in light of the fact that we had not entered a stay pursuant to AS 23.30.125(c) at any time subsequent to our obtaining jurisdiction over the matter, cross-appellant contends that the superior court erred in failing to issue a writ of execution. We disagree and hold that AS 23.30.125(c) is applicable solely to injunction proceedings in the superior court,[14] and that the exclusive method of enforcing compensation orders is provided for in AS 23.30.125(c) and AS 23.-30.170.

██ In defense of the superior court's denial of an execution, cross-appellees contend that cross-appellant Johns failed to follow the proper procedure for enforcing a compensation order of the Board, and, therefore, was not entitled to a writ of execution. In support of this argument, cross-appellees first point out that a compensation order of the Board is not self-executing.[15] They then point to the text of AS 23.30.125(e) which provides that:

Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an

---

the general rule normally applied in courts of equity to cases involving the payment of contested funds to one who is indigent."

12. AS 23.30.125(c) requires in part that "The order of the court allowing a stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference to it, that irreparable damage would result to the employer, and specifying the nature of the damage." No such finding was entered by the court below in conjunction with the grant of cross-appellees' motion for a stay of payments.

13. Quoted at p. 2 supra.

14. In our opinion, analysis of the text of AS 23.30.125(c) discloses that it was

intended to apply only to the superior court. The first sentence explicitly refers to the superior court. The section further contemplates a hearing and the making of findings, all of which indicates to us that the legislature intended that the superior court was to be governed by AS 23.30.125(c)'s provisions.

15. Harris v. Briscoe, 94 U.S.App.D.C. 92, 212 F.2d 619, 621 (1954), which was decided under the Longshoremen's & Harbor Workers' Compensation Act is relied upon by cross-appellees as authority for this proposition. In that case the court said, "Although it 'requires' payment, the Deputy Commissioner's award, standing alone, has no coercive effect."

award, may not be instituted except as provided in this section and § 170 of this chapter.[16]

Cross-appellees then correctly pointed out that AS 23.30.125(d) only applies to "a compensation order making an award that has become final".[17] Because cross-appellees had timely appealed to this court from the superior court's affirmance of the Board's compensation order, the award was not final and, therefore, AS 23.30.125(d) was inapplicable.[18] Since cross-appellant Johns made no effort to proceed under AS 23.30.170, we are of the opinion that the superior court correctly denied his motion for a writ of execution.

 The superior court's refusal to issue an execution was correct for the further reason that concurrently with cross-appellees' appeal to this court, the superior court, acting pursuant to Rule 7(d), Rules of the Supreme Court, approved the supersedeas bond which had been filed by cross-appellees.[19] Since we have already held that the

---

16. AS 23.30.170 pertains to the collection of defaulted payments and provides:

Collection of defaulted payments. (a) In case of default by the employer in the payment of compensation due under an award of compensation for a period of 30 days after the compensation is due, the person to whom the compensation is payable may, within one year after the default, apply to the board making the compensation order for a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in § 110 of this chapter, the board shall make a supplementary order declaring the amount of the default. The order shall be filed in the same manner as the compensation order.

(b) If the payment in default is an installment of the award, the board may, in its discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of the supplementary order with the clerk of the superior court. The supplementary order is final. The court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if it is in accordance with law. Any time after a supplementary order by the board, the attorney general, when requested to do so by the commissioner, shall take appropriate action to assure collection of the defaulted payments.

(c) Review of the judgment may be had as in a civil action for damages. Final proceedings to execute the judgment may be had by writ of execution. The court shall modify the judgment to conform to a later compensation order upon presentation of a certified copy of it to the court.

17. The full text of AS 23.30.125(d) reads as follows:

If an employer fails to comply with a compensation order making an award

that has become final, a beneficiary of the award or the board may apply for the enforcement of the order to the superior court. If the court determines that the order was made and served in accordance with law, and that the employer or his officers or agents have failed to comply with it, the court shall enforce obedience to the order by writ of injunction or by other proper process to enjoin upon the employer and his officers and agents compliance with the order.

18. In Harris v. Briscoe, 94 U.S.App.D.C. 92, 212 F.2d 619, 621 (1954) (footnotes omitted), the court said:

And in a review proceeding under § 21(b) [AS 23.30.125(c)] the District Court cannot coerce payment of accrued installments, either *pendente lite* or in a final judgment affirming the award. By express provision of the Act, the only methods of endorsement available to a beneficiary are those set out in § 21(c) [AS 23.30.125(d)] and § 18 [AS 23.30.170], each of which requires a new proceeding in the District Court, separate and distinct from that in which the award is reviewed under § 21(b) [AS 23.30.125(c)].

It is therefore clear that in a proceeding under § 21(b) [AS 23.30.125(c)] the employer is under no legal compulsion to make compensation payments, and will never be subject to such compulsion unless and until a judgment is entered against him under § 21(c) [AS 23.30.125(d)] or § 18 [AS 23.30.-130]. no?

19. Rule 7(d) (1), Rules of the Supreme Court of Alaska, reads:

Whenever an appellant entitled thereto desires a stay on appeal, he may present to the superior court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be

stay provisions of AS 23.30.125(c) pertain exclusively to proceedings in the superior court, it follows, and we so hold, that Rule 7(d) (1), Rules of the Supreme Court of Alaska, governs the procedure for obtaining a stay of payments of a compensation award once an appeal has been taken to this court from the superior court. In determining whether to approve a supersedeas bond under Rule 7(d) (1), the superior court should apply the same criteria we have held applicable in determining "irreparable damage" under the stay provisions of AS 23.30.125(c).

Cross-appellant's final point is that the superior court erred in initially awarding $300 attorney's fees and in subsequently failing to modify this award of attorney's fees. Cross-appellant bases his argument on our decision in Rose v. Alaskan Village, Inc.[20] and states that there this court

made it clear that it wanted the Superior Court to compensate attorneys for claim-

ants in appeal from decisions of the Alaska Workmen's Compensation Board before the Superior Court on at least a minimum bar fee schedule basis.

From the foregoing, cross-appellant argues that the superior court's award of $300 in attorney's fees is inadequate and that the superior court's award should have been in the amount of $1,837.50.[21] We disagree and affirm the superior court's award of $300 attorney's fees.

Rose v. Alaskan Village, Inc. involved the question of the adequacy of the superior court's award of attorney's fees in a workmen's compensation appeal. There, contrary to cross-appellant's interpretation of our opinion, we said:

We construe AS 23.30.145 in its entirety as reflecting the legislature's intent that attorneys in compensation proceedings should be reasonably compensated for services rendered to a compensation claimant.[22]

conditioned for the satisfaction of the judgment in full together with costs and interest, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs and interest as the supreme court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, and interest, unless the court after notice and hearing and for good cause shown, fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the marshal or state police or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the cost of the action, costs on appeal, and interest, unless the court after notice and hearing and for good cause shown,

fixes a different amount or orders security other than the bond.

20. 412 P.2d 503 (Alaska 1966).

21. Taking $35 per hour as the minimum bar fee schedule, Johns arrives at a total award of $1,837.50 on the basis of 53½ hours of work expended in connection with the superior court appeal proceedings.

Johns also claims that there should be awarded $1,500 as attorney's fees for the legal services rendered to him in regard to this appeal presently before us.

22. 412 P.2d at 509. AS 23.30.145 provides in regard to attorney's fees as follows:

Attorney fees. (a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board ad-

Our review of the entire record before the Board[23] and the superior court has led us to the conclusion that the superior court did not err in making its award in regard to attorney's fees. Taking into consideration the character, amount, and complexity of the legal services rendered, we find that the attorney's fees awarded by the superior court were reasonable.

For the foregoing reasons we affirm the superior court's award of attorney's fees and denial of a writ of execution.

vises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

(b) If an employer fails to file timely notice of controversy or fails to pay compensation within 15 days after it becomes due or otherwise resists the payment of compensation, and if the claimant has employed an attorney in the successful prosecution of his claim, the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation ordered.

(c) If proceedings are had for review of a compensation order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation ordered and shall be paid as the court may direct.

23. Cross-appellees argue that under the Board's award for temporary total disability and pursuant to AS 23.30.145, Johns' attorney will receive approximately $3,000 to $6,000 in attorney's fees. They further argue that we should consider this factor in determining the reasonableness of the $300 award made by the superior court. We agree that this is a factor that the superior court can consider in reaching its determination of a reasonable attorney's fee.