**WISE MECHANICAL CONTRACTORS and Industrial Indemnity, Petitioners,**

v.

**Edwin BIGNELL, Respondent.**

**Scott A. BALE, Petitioner,**

v.

**CHG INTERNATIONAL AND NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Respondents.**

**Nos. 5387, 5404.**

Supreme Court of Alaska.

April 24, 1981.

Sanford M. Gibbs, Hagans, Brown & Gibbs, Anchorage, for petitioners Wise Mechanical Contractors and Indus. Indem.

Lance Parrish, Parrish Law Office, Fairbanks, for respondent Bignell.

Dennis Patrick James, Anchorage, for petitioner Bale.

Robert L. Eastaugh, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for respondents CHG Intern. and Nat. Auto. and Cas. Ins. Co.

OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

CONNOR, Justice.

These two petitions raise an identical question, namely, whether the Appellate Rules or the Alaska statutes control the issuance of a stay in an appeal from a decision of the Workers' Compensation Board [WCB] to the superior court.

In No. 5387, the WCB awarded temporary total disability benefits to an injured worker, Edwin Bignell, pending his completion of vocational rehabilitation. The employer's insurance carrier filed an appeal in the superior court, third judicial district. Judge Singleton was assigned the case. He approved a supersedeas bond and issued a stay of the WCB's award, pending determination of the appeal. Bignell moved before Judge Singleton for a change of venue to Fairbanks, in the fourth judicial district. The motion was granted. After the case was transferred to Fairbanks, Bignell moved to vacate the stay entered by Judge Singleton. Judge Hodges heard the motion and vacated the prior stay. The insurance carrier seeks review.

In No. 5404, a permanent partial disability award had been made by the WCB. The employer's insurance carrier appealed. The superior court, Judge Ripley, granted a stay after approving a supersedeas bond. The injured worker, Scott Bale, seeks review.

We have determined that interlocutory review is warranted in these cases. There is an apparent conflict of opinion among various superior court judges as to the correct procedures to be employed in these cases, and we are persuaded to accept review pursuant to Appellate Rule 402(b)(2),[1] in order to resolve the conflict and to assure that the rights of the parties are properly protected.

In *Johns v. State, Department of Highways*, 431 P.2d 148 (Alaska 1967), we held

1. Former Appellate Rule 24 was applicable when we granted review. Our reasons for granting review are the same under either rule.

that under AS 23.30.125(c) injunctive proceedings had to be commenced by the employer or its insurance carrier before a stay of the WCB order could be obtained. Subsequently we adopted Appellate Rule 45, which governed appeals from administrative agencies to the courts.[2] Appellate Rule 45(i) provided:

"These rules shall supersede all other procedural methods specified in Alaska statutes for appeals from administrative agencies to the courts of Alaska."

As we recognized in *State v. Burgess Construction Co.*, 575 P.2d 792, 794–95 (Alaska 1978), AS 23.30.125(c) no longer controls this type of proceeding. To the extent that the statute is procedural in nature, it has been superseded by Appellate Rule 45.[3] All that was needed in these cases was the bringing of the appeal and the application for a supersedeas bond, and it was not necessary for the employer to bring injunctive proceedings.

However, this does not mean that AS 23.30.125(c) is inoperative in all respects. We held in *Johns*, 431 P.2d at 154, that the employer must make a showing of "irreparable damage" in order to obtain a stay. We interpreted the statutory term "irreparable damage" to require a showing both of the financial irresponsibility of the claimant and the existence of the probability that the merits of the appeal will be decided adversely to him. This holding was based on our perception of the "broad public policy considerations which shaped and are embodied in workmen's compensation legislation." *Id.* at 152. We believe that these public policy considerations have a strong substantive component which can best be reconciled with our constitutional rulemaking authority[4] by construing Appellate Rule 45 to re-

quire, in addition to a supersedeas bond, a showing of irreparable damage in order to obtain a stay in worker's compensation cases. We effected a similar accommodation in *Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541 (Alaska 1975). It is incumbent upon the employer to make a showing of irreparable damage as a condition to the issuance of a stay.[5] It follows that the stay was properly dissolved in the Bignell case, and should not have been granted in the Bale case.

In an order entered earlier in these cases, we remanded them to the superior court with directions to apply the "irreparable damage" criteria of AS 23.30.125(c). Accordingly, there is no need for a further order or remand.

---

**2.** The granting of stays is now governed by Appellate Rule 603.

**3.** Now Appellate Rule 603 governs.

**4.** Alaska Const. art. IV, § 15.

**5.** Nothing in *State v. Burgess Construction Co.*, 575 P.2d 792 (Alaska 1978), negates this holding.

As a general rule, "an appellant may obtain a stay of judgment pending appeal by filing a supersedeas bond in a sum satisfactory" to the lower adjudicative body. The "stay is available as of right," once the bond is filed. 9 Moore's Federal Practice ¶ 208.02, at 8–6 (2d ed. 1980). Stays in worker's compensation appeals are an exception to this general rule; in ordinary money judgment cases no showing of irreparable damage is necessary.