STATE of Alaska, Petitioner,

v.

**UNITED COOK INLET DRIFT ASSOCIATION, Kenai Peninsula Sportsman's Association, Ronald Cox, Timothy Moore, and Henry Wojtusik, Respondents.**

No. S–4649.

Supreme Court of Alaska.

Aug. 13, 1991.

Sarah McCracken Gay, Asst. Atty. Gen., for petitioner.

Michael Stanley, Juneau and Arthur Robinson, Robinson & Beiswenger, Soldotna, for respondents.

Before MATTHEWS, COMPTON and MOORE, JJ.

ORDER

On consideration of the emergency petition for review, filed on July 30, 1991, the response to the petition, filed on August 2, 1991, and the reply to the response, filed on August 5, 1991,

IT IS ORDERED:

1. The emergency petition for review is granted.

2. The temporary restraining order of July 24, 1991, is reversed for the reasons that follow.

3. In entering the temporary restraining order, the court required the respondents to show only that there are serious and substantial questions going to the merits of the case. That standard, however, applies only where the injury which will result from the temporary restraining order or the preliminary injunction can be indemnified by a bond or where it is relatively slight in comparison to the injury which the person seeking the injunction

will suffer if the injunction is not granted. *A.J. Industries, Inc. v. Alaska Pub. Serv. Comm'n,* 470 P.2d 537, 540 (Alaska 1970); *Alaska Pub. Utilities Comm'n v. Greater Anchorage Area Borough,* 534 P.2d 549, 554 (Alaska 1975). Where the injury which will result from the temporary restraining order or the preliminary injunction is not inconsiderable and may not be adequately indemnified by a bond, a showing of probable success on the merits is required before a temporary restraining order or a preliminary injunction can be issued. *Id.* The trial court in this case failed to consider the injury to subsistence users which would result as a consequence of the issuance of the temporary restraining order. Subsistence users are given statutory priority over commercial users, AS 16.05.258(c), and the injury which they would suffer as a result of the injunctive relief is as irreparable as the injury which commercial fishermen might suffer if injunctive relief were not granted. In this circumstance, the court should not have ordered a temporary restraining order without finding that respondents probably would succeed on the merits of this case.

4. Although this case is now technically moot, we have decided to exercise discretionary review and issue this order as precedent for future similar cases. The issues are important and recurring and they may otherwise evade review. *See Central Constr. Co. v. Home Indem. Co.,* 794 P.2d 595, 597 (Alaska 1990).

RABINOWITZ, C.J., and BURKE, J., not participating.