**OLSEN LOGGING COMPANY and Cigna Companies, Petitioners,**

v.

**David B. LAWSON, Silver Bay Logging and Alaska Timber Insurance Exchange, Respondents.**

No. S–3916.

Supreme Court of Alaska.

May 15, 1992.

BethAnn Boudah Chapman, James R. Webb, Faulkner, Banfield, Doogan & Holmes, Juneau, for petitioners.

Terri L. Herring–Puz, Welch & Condon, Tacoma, Wash., and Patrick E. Murphy, Batchelor, Murphy & Brinkman, Juneau, for respondent Lawson.

Paul M. Hoffman, Robertson, Monagle & Eastaugh, Juneau, for respondents Silver Bay Logging and Alaska Timber Ins. Exchange.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

In this case we review an interlocutory order of the superior court refusing to stay the enforcement of a lump sum workers' compensation award during an appeal of the award to the superior court.[1] We hold that the request for a stay was improperly denied.

### I.

The Alaska Workers' Compensation Board set aside a 1973 compromise and release between David B. Lawson and his employer, Olsen Logging Company. As a result of the set aside, the Board determined that Olsen should pay Lawson a lump sum award of $176,054.87, for past compensation due plus interest. In addition, the Board awarded Lawson ongoing permanent total disability benefits at the

---

**1.** Appellate Rule 603(a)(3) provides:

An employer appealing to the superior court from a judgment of the Alaska Workers' Compensation Board may obtain a stay of the judgment pending the appeal by complying with subparagraph (a)(2) [procedural requirements regarding supersedeas bonds and other matters] and by establishing that irreparable damage will result if the stay is not granted.

weekly rate of $107.50, with credit for disability compensation already paid.

Olsen and its insurance carrier, CIGNA Companies, sought to stay the lump sum award pending an appeal of the Board's decision to the superior court.[2] *See* Appellate Rule 603(a)(3). The superior court denied the stay. Relying upon the Board's finding that Lawson was permanently totally disabled, the court found Lawson "financially irresponsible." The court then found that Olsen had failed to show "the existence of the probability that the merits of the appeal [would] be decided adversely to [Lawson]." In reaching its decision, the superior court applied the two-part approach which we articulated in *Wise Mechanical Contractors v. Bignell*, 626 P.2d 1085, 1087 (Alaska 1981). We granted Olsen and CIGNA's petition for review to address the propriety of the trial court's action. After hearing oral argument, we ordered the parties to submit supplemental briefing on the question of whether we should adopt a more lenient standard for stays of lump sum workers' compensation awards.

## II.

■ In *Johns v. State, Dep't of Highways*, 431 P.2d 148 (Alaska 1967), we determined that a showing of "financial irresponsibility" alone was insufficient to obtain a stay of a workers' compensation award. Probable success on the merits of the appeal also had to be demonstrated:

> To warrant the superior court's enjoining of payments in whole, or in part, the employer must produce evidence not only of the claimant's insolvency (or financial irresponsibility) but must also demonstrate the existence of the probability that the merits of the appeal will be decided adversely to the claimant.

*Johns*, 431 P.2d at 151.

This holding was reiterated in *Bignell:*

> [T]he employer must make a showing of "irreparable damage" in order to obtain a stay. We interpret[ ] the statutory term "irreparable damage" to require a

showing both of the financial irresponsibility of the claimant and the existence of the probability that the merits of the appeal will be decided adversely to him. 626 P.2d at 1087.

## III.

Our standards for a stay of a Compensation Board award evolved from the equitable standards for issuance of an injunction. *Johns*, for example, involved the proper interpretation of AS 23.30.125(c) which in 1967 and presently uses language of injunction for stays on appeal. *See Johns*, 431 P.2d at 149–50. Although Appellate Rule 603 now controls stays, there is a direct line of development from the injunction procedure in AS 23.30.125(c) to the current rule. *Bignell*, 626 P.2d at 1087. Indeed, the "irreparable damage" component of the statute (expanded in *Bignell* and *Johns* to include the probability of success on the merits requirement) was incorporated into Rule 603. *See* Appellate Rule 603(a)(3). Motions for stays under Rule 603 are, therefore, much like motions for preliminary injunctions.

The bifurcated approach to preliminary injunctions that we adopted in *A.J. Industries, Inc. v. Alaska Public Service Comm'n*, 470 P.2d 537 (Alaska 1970), *modified in other respects*, 483 P.2d 198 (Alaska 1971), therefore provides guidance for motions for stays:

> [T]he rule requiring a clear showing of probable success applies in situations where the party asking for relief does not stand to suffer irreparable harm, or where the party against whom the injunction is sought will suffer injury if the injunction is issued, [but] a different rule applies where the party seeking the injunction stands to suffer irreparable harm and where, at the same time, the opposing party can be protected from injury....
>
> ....
>
> This approach is termed the "balance of hardships" approach. The balance of hardships is determined by weighing the harm that will be suffered by the plain-

---

**2.** Olsen and CIGNA did not seek a stay of the prospective disability payments.

tiff if an injunction is not granted, against the harm that will be imposed upon the defendant by the granting of an injunction. . . .

> . . . if [the balance of hardships tips decidedly toward the plaintiff], it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation."

*Id.* at 540–41 (footnotes omitted) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir.1953)). We have since expressed the balance of hardships approach as follows:

> That standard [that the movant must show only that there are serious and substantial questions going to the merits of the case] . . . applies only where the injury which will result from the temporary restraining order or the preliminary injunction can be indemnified by a bond or where it is relatively slight in comparison to the injury which the person seeking the injunction will suffer if the injunction is not granted. Where the injury which will result from the temporary restraining order or the preliminary injunction is not inconsiderable and may not be adequately indemnified by a bond, a showing of probable success on the merits is required before a temporary restraining order or a preliminary injunction can be issued.

*State v. United Cook Inlet Drift Ass'n*, 815 P.2d 378, 379 (Alaska 1991) (citations omitted). *See also Messerli v. State, Dep't of Natural Resources*, 768 P.2d 1112, 1122 (Alaska 1989).

If the balance of hardships approach were applied to stays of workers' compensation awards, it would almost invariably result in application of the "probability of success on the merits" standard when the award consists of ongoing periodic disability payments on which an employee relies as a salary substitute. The employee is presumed to be inadequately protected in this situation because the hope of a future award is a meager substitute for life's daily necessities. This is the justification for the rule that in order to obtain a stay in such cases, the employer must show both irreparable damage and the probability of success on the merits. *Bignell*, 626 P.2d at 1087.

However, in most cases involving lump sum awards the balance is different. The employee can be adequately protected and the employer generally stands to suffer the greater hardship. In both periodic payment and lump sum payment cases, a supersedeas bond will insure payment if the employee prevails on appeal. However, an employee is usually not dependent on lump sum awards for his daily living expenses. On the other hand, the employer's opportunity to recover amounts paid the employee is either limited or non-existent, even if the employee is financially able to repay them.

Alaska Statute 23.30.155(j) provides that an employer who makes an overpayment to an employee can only recover the overpayment out of future installments of compensation due, twenty percent out of each installment. In *Croft v. Pan Alaska Trucking, Inc.*, 820 P.2d 1064, 1066 (Alaska 1991), we interpreted this statute to be the exclusive remedy available to an employer to recoup a previously paid award following a successful appeal. Thus, where an employer is forced to make a lump sum payment and will not, if successful on appeal, have an obligation to make continuing payments of compensation, the employer is without a remedy to recover the lump sum payment. In this situation, the employer's harm is not only irreparable but an appeal becomes a meaningless exercise since, win or lose, the money once paid can never be recovered. These considerations require that the lesser "serious and substantial questions" standard be used where a lump sum award is sought to be stayed.[3]

---

3. We note that while this standard is less favorable to the employee than the probable success on the merits standard, it is nonetheless more favorable than that which prevails in money judgments in civil litigation where a stay is a matter of right merely on the approval of a supersedeas bond. Appellate Rule 603(a)(2).

■ Since the trial court has already decided petitioners' appeal on the merits, there is no longer any need for a stay pending appeal to the superior court. Our own order staying the lump sum award pending consideration of this petition is hereby VACATED.

BURKE, J., dissents in part.

BURKE, Justice, dissenting in part.

I agree that the request for stay was improperly denied in this case. However, I would revise the interpretation of "irreparable damage" which we embraced in *Wise Mechanical Contractors v. Bignell*, 626 P.2d 1085 (Alaska 1981). *Bignell* and *Johns v. State, Dep't of Highways*, 431 P.2d 148, 151 (Alaska 1967), established a two-prong test for stays of workers' compensation. The test requires a showing of both the employee's financial irresponsibility and the probability that the employer's appeal will succeed on the merits. While this standard is adequate for most situations, the two prongs should not have been stated as elements of "irreparable damage," as *Bignell* suggests. *Bignell*, 626 P.2d at 1087; *see also Johns*, 431 P.2d at 151. "Irreparable damage" is unquestionably a term of art describing one of the equitable requirements for injunctive relief. The "irreparable injury" requirement should not be conflated with the separate and distinct "likelihood of success on the merits" requirement.

Separating these two requirements results in a more straightforward analysis and allows for a proper focus on the balance of equities in a given case. The majority maintains that the *A.J. Industries* balance of hardship standard "provides guidance for motions for stays." Rather than merely using the balance of hardship approach for guidance, I would adopt this standard and make the rules governing the issuance of stays in workers' compensation cases the same as the rules for the issuance of preliminary injunctions.

I would also preserve the trial judge's discretion to decide these motions on a case by case basis. The trial court should consider the nature of the award at issue, as well as the full effect on the parties of a denial or a grant of the requested stay, before determining whether to employ the "serious and substantial questions" standard or the "probability of success on the merits" standard. I believe that this methodology is preferable to a general rule on "lump sum payments" and is better suited to the equitable nature of the proceeding. Some lump sum awards will not be large. A stay of payment on a relatively small award may work hardship on an employee. Rigorous application of the balance of hardships test will weed out such cases from cases at the other extreme such as Lawson's, which involve an unusually large lump sum award to an employee already regularly receiving maximum benefits.