On consideration of the Petition for Review filed on 12/18/17 and the response filed on 1/2/2018 ,
IT IS ORDERED:
The Petition for Review is DENIED.
Entered at the direction of the court.
WINFREE, Justice, with whom CARNEY, Justice, joins, dissenting; they would grant the petition as to the posting of the supersedeas bond pending appeal.
The Alaska Workers' Compensation Board determined, after a hearing, that Joseph Traugott's injury that happened during his employment with ARCTEC Alaska, Inc. was the substantial cause of his disability or need for medical treatment. The Board did not award specific benefits and retained jurisdiction as to his entitlement to those benefits. About two weeks later ARCTEC Alaska appealed this decision to the Alaska Workers' Compensation Appeals Commission and asked the Commission to stay any award of past benefits. Arctec estimated that $175,000 in past "compensation, benefits, interest and/or penalties, not including attorney['s] fees and costs," representing approximately four years of past benefits, would be due under the order. ARCTEC did not include a calculation of past medical benefits, although it acknowledged the medical bills would be "substantial." In response, Traugott set out a list of his own estimates of past benefits, totaling $873,056. In its decision on the stay motion, the Commission indicated that "while it does not appear a supersedeas bond is needed in this matter, ARCTEC has indicated a willingness to provide a bond in the amount of $175,000.00." The Commission stayed "past awarded benefits" conditioned on ARCTEC's provision of a $175,000 supersedeas bond. Traugott petitioned for review of the stay order and procedure related to it, raising several issues.
This petition meets several criteria for granting review under Alaska Appellate Rule 402(b). The need for and amount of a supersedeas bond while a workers' compensation appeal is pending is an important issue of law that may otherwise evade review.[1] The only scenario in which a worker would have the usual motivation (harm to his rights) to appeal this issue after a decision is when the employer loses the appeal and cannot pay the past due benefits.[2] By then it is too late to protect the worker. To the extent this case "involves an important question of law on which there is substantial ground for difference of opinion,"[3] our immediate resolution of the issue would advance the important public interest of ensuring that injured workers receive the full amount of benefits awarded when they prevail on appeal. The employer's assertion that the Alaska Workers' Compensation Benefits Guaranty Fund "would assume coverage" in the event a self-insured employer went bankrupt during or after an appeal is in itself an unsettled question of law. And even if that turns out to be the case, the statute clearly contemplates the possibility that the Fund will have inadequate resources to pay all claims in a timely manner, offering cold comfort to workers *1143 whose employers post an inadequate bond and then become bankrupt.[4] Finally the question presented is governed by prior Alaska Workers' Compensation Commission decisions, which "have the force of legal precedent"[5] for the Commission as well as the Alaska Workers' Compensation Board.[6] Those Commission decisions-consistent with Olsen Logging Co. v. Lawson[7] and Alaska Rule of Appellate Procedure 603(a)(2)(C)[8] -required a supersedeas bond in the amount of 125% of the total amount of past benefits stayed.[9] We have interpreted AS 23.30.125(c), the statute governing Commission stays, consistently with Olsen Logging .[10] We have also required administrative agencies, even those whose decisions do not have "the force of legal precedent," to explain their departure from past decisions after they have developed rules through adjudication.[11] Here the Commission failed to either follow its own precedent or explain its departure from that precedent. It has so far departed from the usual course of proceedings as to call for our immediate supervision.[12]

Alaska R. App. P. 402(b)(4).

While a worker could include this issue in a substantive appeal, we have in the past outlined the practicalities weighing against that type of review. See Municipality of Anchorage v. Anderson , 37 P.3d 420, 422-23 (Alaska 2001) (Matthews, J., dissenting) (contrasting differences between review by appeal and by petition for ancillary issues), superseded by statute as recognized in Huit v. Ashwater Burns, Inc. , 372 P.3d 904, 906 (Alaska 2016). In substantive appeals, time and energy are more likely to be expended on substantive arguments.

Alaska R. App. P. 402(b)(2).

AS 23.30.082(e).

AS 23.30.008(a).

Alaska Pub. Interest Research Grp. v. State , 167 P.3d 27, 45 (Alaska 2007).

832 P.2d 174, 176 (Alaska 1992) (using serious and substantial standard for stays of past workers' compensation benefits and observing "a supersedeas bond will insure payment if the employee prevails on appeal").

Alaska Appellate Rule 603(a)(2)(C) requires a supersedeas bond of 125% of an administrative agency judgment, "including any prejudgment interest, costs and attorney's fees," when an administrative agency decision is appealed to the superior court. Until the Commission's creation, workers' compensation board decisions were appealed to the superior court, and we have relied in the past on a legislative intent to preserve those procedural rights available to litigants in the superior court when the legislature created the Commission. Cf. Monzulla v. Voorhees Concrete Cutting , 254 P.3d 341, 347 (Alaska 2011) (holding Commission had power of discretionary review over Board decisions because "nothing in the legislative history indicates that the legislature wanted employers or employees to have fewer rights of review before the Commission than before the superior court").

See, e.g. , Doyon Drilling Inc. v. Whitaker , AWCAC Dec. No. 001 at 8 (Dec. 29, 2005); see also Lowe's HIW, Inc. v. Anderson , AWCAC Dec. No. 113 at 12-13 (July 23, 2009) (calculating bond amount for past due benefits).

Municipality of Anchorage v. Adamson , 301 P.3d 569, 578-79 (Alaska 2013).

May v. State, Commercial Fisheries Entry Comm'n , 168 P.3d 873, 884 (Alaska 2007) ("When overruling a prior decision, the agency must provide a reasoned analysis that explains why the change is being made.").

Alaska R. App. P. 402(b)(3).